JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Noujoud Achkar and Joseph Achkar

**(b)** County of Residence of First Listed Plaintiff: **Lehigh**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard J. Orloski, The Orloski Law Firm
111 N. Cedar Crest Blvd
Allentown, PA 18104 (610) 433-2363

### DEFENDANTS
Wisconsin Cheese Group, LLC d/b/a La Morenita Brand
and
Walmart, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 6/26/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1540 N. 27th Street, Allentown, PA 18104

Address of Defendant: 105 3rd Street, Monroe, WI 53566
702 SW 8th Street, Bentonville, AR 72716

Place of Accident, Incident or Transaction: Allentown, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [ ]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/9/18     _____ (signature)     09857
                  *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [X] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____     _____     _____
                          *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Noujoud Achkar and
Joseph Achkar, w/h : CIVIL ACTION
v. :
:
Wisconsin Cheese Group, LLC d/b/a : NO.
La Morenita Brand and Walmart, Inc.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

Jun 30, 2018                         Plaintiffs
Date          Attorney-at-law          Attorney for

(610) 433-2363   (610) 433-4785   orloski.law@gmail.com
Telephone          FAX Number          E-Mail Address

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOUJOUD ACHKAR and, <br> JOSEPH ACHKAR, W/H <br>         Plaintiffs, <br><br> vs. <br><br> WISCONSIN CHEESE GROUP, LLC <br> d/b/a LA MORENITA BRAND and <br> WALMART, INC. <br>         Defendants. | CIVIL ACTION <br><br><br> NO. <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiffs, Noujoud Achkar and Joseph Achkar, w/h, are adult individuals residing at 1540 N. 27th Street, Allentown, Lehigh County, Pennsylvania 18104.

2. Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, is a Wisconsin corporation selling and distributing cheese products throughout the United States including Lehigh County, Pennsylvania, with corporate headquarters located at 105 3rd Street, Monroe, Wisconsin 53566.

3. Defendant, Walmart, Inc., is a business corporation believed to be organized under the laws of the State of Delaware with corporate offices located at 702 SW 8th Street, Bentonville, Arkansas 72716.

## JURISDICTION

4. This Honorable Court has jurisdiction over this matter under Diversity of Citizenship, 28 U.S.C § 1332, in that Plaintiffs are citizens of Pennsylvania, and Defendants are corporations organized under the laws of the states of Wisconsin and Delaware, respectively, with Defendants' headquarters located at 105 3rd Street, Monroe,

Wisconsin 53566 and 702 SW 8th Street, Bentonville, Arkansas 72716, and the matter in controversy, exclusive of interests and costs, is greater than $75,000.00.

## FACTS

5. On about May 1, 2017, Plaintiff, Noujoud Achkar, went to a retail store located in Whitehall, Lehigh County, Pennsylvania, owned and operated by Defendant, Walmart, Inc., where she purchased a cheese product produced and distributed by Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand.

6. On or about May 1, 2017, Plaintiff, Noujoud Achkar, purchased a cheese product called La Morenita Queso Fresco and a copy of the actual package is attached hereto as Exhibit A.

7. On or about May 1, 2017, Plaintiff, Noujoud Achkar, consumed the product on the same day she bought it and after spending a restless night, Plaintiff, Noujoud Achkar, became deathly ill and was taken to Lehigh Valley Hospital in Allentown, Pennsylvania. During the course of the hospitalization, the hospital referred the matter to Pennsylvania Department of Health.

8. After the referral, the Pennsylvania Department of Health came to Plaintiffs' residence and confiscated all the food products in the refrigerator for testing.

9. After testing the complete inventory of the products of the household, the Pennsylvania Department of Health determined that the cheese product ingested by Plaintiff, Noujoud Achkar, and manufactured by Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, was ingested with listeria. A copy of the lab report is attached hereto as Exhibit B, but the original documents are supposed to be in possession

of Dr. James Lute who was at a lab used by Pennsylvania Department of Health at 111 Pickering Way, Exton, Pennsylvania.

10. Upon information and belief, the original packaging and samples are still located at the laboratory.

11. Upon information and belief, the hospital or the Pennsylvania Department of Health did a microscopic comparison concerning the listeria found in Plaintiff, Noujoud Achkar's, body and the listeria found in the cheese same and concluded that it is exactly similar.

12. As a result of the ingestion of the cheese product, Plaintiff, Noujoud Achkar, became deathly ill and was hospitalized at Lehigh Valley Hospital from May 2, 2017 through May 15, 2017.

## COUNT ONE
## PRODUCT LIABILITY – STRICT LIABILITY
(Plaintiff Noujoud Achkar v. Defendant Wisconsin Cheese Group, LLC d/b/a La Morenita Brand)

13. The allegations of Paragraphs 1 through 12 inclusive are incorporated herein as if fully set forth at length.

14. Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, is a producer and supplier of La Morenita Brand Queso Fresco.

15. The product sold by the Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, is expected to reach and does reach the user or consumer without substantial change in the condition in which it is sold.

16. Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, did create, design, manufacture, distribute and sell the cheese product using Defendant, Walmart, Inc.

17. The product was in a defective condition in that it contained listeria bacteria.

18. The product was unreasonably dangerous to the user/consumers, such as Plaintiff, Noujoud Achkar.

19. As a direct and proximate result of Defendant's aforesaid action, Plaintiff, Noujoud Achkar, was injured for which she seeks compensation, including fear of death.

20. As a direct and proximate result of Defendant's activities, Plaintiff, Noujoud Achkar, has and will continue to suffer severe permanent and physical and mental pain, anguish, anxiety, and distress, for which damages are claimed.

21. Plaintiff, Noujoud Achkar, will require additional medical attention including counseling and continued oversight of her medical problems.

22. Plaintiff's injuries are permanent and will prevent Plaintiff, Noujoud Achkar, from enjoying life's pleasures, associations, and companionship, for which damages are claimed.

23. Upon information and belief, the Pennsylvania Department of Welfare has expended in excess of $100,000.00 for Medicare and medical welfare of Plaintiff, Noujoud Achkar, and is entitled to reimbursement for all such expenses.

24. Defendant's actions were willful, wanton, deliberate, intentional and outrageous entitling Plaintiff, Noujoud Achkar, to punitive damages, which are hereby claimed.

WHEREFORE, Plaintiffs, Noujoud Achkar and Joseph Achkar, demand that judgment be entered against Defendants, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand and Walmart, Inc., and in their favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

## COUNT TWO
## BREACH OF EXPRESS OR IMPLIED WARRANTY
(Plaintiffs v. Defendant Wisconsin Cheese Group, LLC d/b/a La Morenita Brand)

25. The allegations of Paragraphs 1 through 24 inclusive are incorporated herein as if fully set forth at length.

26. All of the aforementioned losses, damages, and injuries sustained by the Plaintiff, Noujoud Achkar, directly and proximately resulted from the breach of express warranties and/or implied warranties of merchantability and/or fitness for a particular purpose in the following particulars:

    a. Defendant did not have the product adequately refrigerated prior to selling it to Plaintiff, Noujoud Achkar;

    b. The product was not of fair, average quality in the trade in which Defendant dealt;

    c. The product was not fit for the ordinary purpose for which the product is customarily used and not adequate for consumption;

d. Defendant knew, or should have known, that the product was dangerous if not adequately refrigerated and likely to cause damage to users;

e. The product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business;

f. That the product was not properly and adequately inspected by the Defendant in order to provide a safe product;

g. Defendant did not provide, establish, or follow proper and adequate quality control methods in the manufacture and storage of the product so as to provide a safe product;

h. Defendant knew, or should have known, that Plaintiff, Noujoud Achkar, was relying upon the expertise of the Defendant in manufacturing, and/or supplying the product;

i. In expressly or impliedly warranting that the product was properly and adequately tested, inspected and stored when the same was not accurate;

j. in expressly or impliedly warranting that the product was safe for use and ingestion of the food product;

k. In expressly or impliedly misrepresenting that the product was safe and edible; and

l. In expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry and of the federal government and the state, county, and city governments insofar as said safety standards govern the manufacture of said products.

27. As a direct and proximate result of Defendant, Wisconsin Cheese Group, LLC d/b/a La Morenita Brand, breach of these express and/or implied warranties, Plaintiff, Noujoud Achkar, has suffered the injuries and damages as set forth above and incorporated herein.

28. Defendant's actions were willful, wanton, deliberate, intentional and outrageous entitling Plaintiff, Noujoud Achkar, to punitive damages, which are hereby claimed.

WHEREFORE, Plaintiffs, Noujoud Achkar and Joseph Achkar, demand that judgment be entered against Defendants, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand and Walmart, Inc., and in their favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

## COUNT THREE
## PRODUCT LIABILITY – STRICT LIABILITY
(Plaintiff Noujoud Achkar v. Defendant Walmart, Inc.)

29. The allegations of Paragraphs 1 through 28 inclusive are incorporated herein as if fully set forth at length.

30. Defendant, Walmart, Inc., is a supplier of food products to retail customers including the cheese product from Defendant, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand.

31. The product sold by Defendant, Walmart, Inc., is expected to reach and does reach the user or consumer without substantial change in the condition in which it is sold.

32. Defendant, Walmart, Inc., did design and control the distribution process from obtaining the product from the supplier and sold it to the consumers.

33. The product was in a defective condition at the time it was sold to Plaintiff, Noujoud Achkar.

34. The product was unreasonably dangerous to the user/consumer, Plaintiff, Noujoud Achkar.

35. As a direct and proximate result of Defendant's aforesaid action, Plaintiff, Noujoud Achkar, was injured for which she seeks compensation, including fear of death.

36. As a direct and proximate result of Defendant's activities, Plaintiff, Noujoud Achkar, has and will continue to suffer severe permanent and physical and mental pain, anguish, anxiety, and distress, for which damages are claimed.

37. Plaintiff, Noujoud Achkar, will require additional medical attention including counseling and continued oversight of her medical problems.

38. Plaintiff, Noujoud Achkar's, injuries are permanent and will prevent Plaintiff, Noujoud Achkar, from enjoying life's pleasures, associations, and companionship, for which damages are claimed.

39. Upon information and belief, the Pennsylvania Department of Welfare has expended in excess of $100,000.00 for Medicare and medical welfare of Plaintiff, Noujoud Achkar, and is entitled to reimbursement for all such expenses.

40. Defendant's actions were willful, wanton, deliberate, intentional and outrageous entitling Plaintiff, Noujoud Achkar, to punitive damages, which are hereby claimed.

WHEREFORE, Plaintiffs, Noujoud Achkar and Joseph Achkar, demand that judgment be entered against Defendants, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand and Walmart, Inc., and in their favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

## COUNT FOUR
## BREACH OF EXPRESS OR IMPLIED WARRANTY
(Plaintiff v. Defendants The Procter & Gamble Manufacturing Company and Procter & Gamble Distributing LLC)

41. The allegations of Paragraphs 1 through 40 inclusive are incorporated herein as if fully set forth at length.

42. All of the aforementioned losses, damages, and injuries sustained by the Plaintiff, Noujoud Achkar, directly and proximately resulted from the breach of express warranties and/or implied warranties of merchantability and/or fitness for a particular purpose in the following particulars:

    a. Defendant did not have the product adequately refrigerated prior to sale or prior to its use;

    b. The product was not of fair, average quality in the trade in which Defendant dealt;

    c. The product was not fit for the ordinary purpose for which the product is customarily used, namely, consumption of the food product;

    d. Defendant knew, or should have known, that the product was dangerous and likely to cause damage to users if not properly refrigerated;

e. The product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business;

f. That the product was not properly and adequately inspected by the Defendant in order to provide a safe product and the lack of proper refrigeration was not discovered prior to the sale;

g. Defendant did not provide, establish, or follow proper and adequate quality control methods in the refrigeration of the product so as to provide a safe product;

h. Defendant knew, or should have known, that Plaintiff was relying upon the expertise of the Defendant in selling cheese products;

i. In expressly or impliedly warranting that the product was properly and adequately tested, refrigerated and inspected when the same was not accurate;

j. in expressly or impliedly warranting that the product was safe for use at the time it was sold;

k. In expressly or impliedly misrepresenting that the product was safe for use at the time it was sold; and

l. In expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry and of the federal government and the state, county, and city governments insofar as said safety standards govern the manufacture of said products.

43. As a direct and proximate result of Defendant, Walmart, Inc.'s, breach of these express and/or implied warranties, Plaintiff, Noujoud Achkar, has suffered the injuries and damages as set forth above and incorporated herein.

44. Defendant's actions were willful, wanton, deliberate, intentional and outrageous entitling Plaintiff, Noujoud Achkar, to punitive damages, which are hereby claimed.

WHEREFORE, Plaintiffs, Noujoud Achkar and Joseph Achkar, demand that judgment be entered against Defendants, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand and Walmart, Inc., and in their favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

## COUNT FIVE
## LOSS OF CONSORTIUM
**(Plaintiff Joseph Achkar v. Defendants The Procter & Gamble Manufacturing Company and Walmart, Inc.)**

45. The allegations of Paragraphs 1 through 44 inclusive are incorporated herein as if fully set forth at length.

46. At all times herein relevant, Plaintiff, Joseph Achkar, was the lawful husband of Plaintiff, Noujoud Achkar.

47. As a direct and proximate result of the injuries to his wife, Plaintiff, Joseph Achkar, was deprived of the comfort, services, society, and consortium of his wife, for which damages are claimed.

WHEREFORE, Plaintiffs, Noujoud Achkar and Joseph Achkar, demand that judgment be entered against Defendants, Wisconsin Cheese Group, LLC, d/b/a La Morenita Brand and Walmart, Inc., and in their favor in an amount in excess of the compulsory arbitration jurisdiction limits, together with interest, costs of suit, and delay damages as allowed by law.

                                            **ORLOSKI LAW FIRM**

_/s/ Richard J. Orloski_
Richard J. Orloski
Attorney for Plaintiff
Attorney ID No.: 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363

# EXHIBIT A



# EXHIBIT B



**pennsylvania**
DEPARTMENT OF HEALTH

**Bureau of Laboratories**
110 Pickering Way
Exton, PA 19341-1310
Phone: (610) 280-3464
Fax: (610) 450-1932
CLIA #: 39D0709453

Report Status: Preliminary

Report Date: 5/19/2017

## Submitter

PA Dept of Health, Lehigh County SHC
Attention: Lehigh County SHC
3730 Lehigh Street Suite 206
Whitehall, PA 18052-3403

Phone: (610) 821-6770
Fax: (610) 821-6564

## Patient Information

Last Name: Achkar
First Name: Noujoud
Middle Name: I
Birth Date: 12/09/1940
Age: 76 Years
Sex: Female
Address: 1540 N. 27th Street
City: Allentown
County: Lehigh
State: PA
ZIP: 18104

## Specimen Information

Accession #: M17008596
Internal #:
External #: Cheese #2   *Queso Fresco*
Event #: FI17-103
Agent Suspected: Listeria
FI#: FI17-103

Source: Food
Description:
Collection Date: 05/08/2017
Receipt Date: 05/10/2017
Test Condition: Field Investigations-Non-Human
Time:

## Test Results

| Test | Method | Result |
|---|---|---|
| Listeria VIDAS | VIDAS | Positive |
| Tested by: Jared Seiders   Test Date: 05/19/2017 | Released by: Brigitte Husband | Release Date: 05/19/2017 |
| Conclusion - Field Investigations | Culture | Listeria monocytogenes isolated |
| Tested by: Kerry Pollard   Test Date: 05/19/2017 | Released by: Brigitte Husband | Release Date: 05/19/2017 |

All laboratory test results must be correlated with clinical history and other information available to the physician when making a diagnosis.

Page 1 of 1