UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
NOUJOUD ACJKAR and, :
JOSEPH ACHKAR, W/H :
: CIVIL ACTION
Plaintiffs, : No.: 18-cv-2860
:
v. :
:
WALMART, INC., *et al.* :
:
Defendants. :
_____:

**DEFENDANT WALMART, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE REFERENCE TO THE THEORY THAT THE SALE OF THE SUBJECT CHEESE AFTER THE SELL-BY DATE OF APRIL 18, 2017 IN SOME FASHION CAUSED OR CONTRIBUTED TO GROWTH OF LISTERIA AND WAS A FACTUAL CAUSE IN THE DEVELOPMENT OF HER DISEASE**

**I.     MATTER BEFORE THE COURT**

Defendant Walmart, Inc. ("Moving Defendant") Motion *in Limine* to preclude Plaintiff's counsel from stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease and to preclude Plaintiff's counsel from engaging in any line of question during either direct or cross examination of any witness to draw out testimony stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease.

## II.     QUESTION(S) PRESENTED

Whether Plaintiffs should be precluded from pursuing a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease when it was not alleged in the Complaint and therefore any evidence regarding the same is irrelevant?

**SUGGESTED ANSWER: Yes.**

Whether Plaintiffs should be precluded from pursuing a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease when Plaintiffs are solely pursing a strict liability theory thereby rendering Walmart's conduct irrelevant?

**SUGGESTED ANSWER: Yes.**

Whether Plaintiffs should be precluded from pursuing a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease when Plaintiffs sole expert offered no opinions that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria?

**SUGGESTED ANSWER: Yes.**

Whether Plaintiffs should be precluded from pursuing a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease when Plaintiffs sole expert offered no opinions that the listeria differential attributed to the untimely sale caused Plaintiff's illness?

**SUGGESTED ANSWER: Yes.**

### III. STATEMENT OF FACTS

The video trial deposition of Defendant Wisconsin Cheese Group's expert, Arthur J. Miller, Ph.D. was taken on April 17, 2019. During that deposition, Plaintiff's counsel presented to Dr. Miller on cross-examination hypothetical questions with the clear intention of drawing out testimony that would support a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria. There is no expert that quantifies the increased bacteria growth, or that the increased differential was a factual cause of her developing a disease. Also, Plaintiffs have produced no report from a medical expert in which it is opined that the differential created a health hazard and that the health hazard caused the disease.  Notably, this is the first time that Plaintiffs have evidenced an intention to forward such a theory to the jury.

Plaintiff's Compliant is completely devoid of any all allegations that the alleged sale of the cheese after the April 18, 2017sell-by date somehow caused or contributed to growth of listeria, and that any differential (undefined/unquantified) caused her disease. (See Complaint attached hereto as Exhibit "A", without admission or adoption). Further, a thorough review of the report of Plaintiff's only expert, Michael A. Sulzinkski, Ph.D. reveals that he does not offer a single opinion which would show or suggest that the alleged sale of the cheese after the April 18, 2017sell-by date somehow caused or contributed to growth of listeria. (See Dr. Sulzinkski attached hereto as Exhibit "B", without admission or adoption). Also, there is no medical expert to testify on medical causation generally or specifically about the differential amount of listeria growth or to testify on such differential being a factual cause in her disease. (In fact Plaintiff has no expert, which she is obligated by case law to have to prove medical causation and her medical damages/injuries, and ultimately the case will be dismissed at the conclusion of Plaintiff's case).

In fact, in Dr. Sulzinkski's thirty-eight (38) page report, he mentions the sell-by date only once and for the sole purpose of determining the manufacturing date of the product. (See Exhibit "B", para. 19). Dr. Sulzinkski certainly does not attempt in his report to opine that the alleged sale of the cheese after the April 18, 2017sell-by date somehow caused or contributed to growth of listeria. (See Exhibit "B"). Further, he does not at any point attempt to explain or provide information regarding the effect of listeria growth in a product after its sell-by date, and opine how that would cause and in fact did cause Plaintiff's disease. (See Exhibit "B"). Finally, he offers no opinions whatsoever that an alleged differential created a health hazard and that the health hazard caused the disease. (See Exhibit "B").

As such, even if Plaintiffs alleged such a theory that the alleged sale of the cheese after the April 18, 2017sell-by date somehow caused or contributed to growth of listeria, there is not even a scintilla of evidence supporting such a theory since there is no expert opinion defining the levels of listeria at the time of the sell-by date, the levels of listeria at the time of consumption, the differential between the levels of listeria at time of sell-by date versus the time of consumption, or that such a differential would be a cause in fact of her development of the disease.

As such, Plaintiffs must be barred from stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and to preclude Plaintiff's counsel from engaging in any line of question during either on direct or cross examination of any witness to draw out testimony stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria. The sole reason this motion is being brought at this late juncture is that Plaintiff's counsel highlighted that he may attempt to raise this issue based on the improper hypothetical question

plaintiff posed, at Dr. Miller's video trial deposition on Wednesday April 17, 2019, in retrospect, as there is no notice or indication that such a theory would be advanced by the complaint, discovery responses, disclosures, or expert reports.

## IV.   STATEMENT OF FACTS

<u>Plaintiff must be prohibited from stating, suggesting, or attempting to elicit testimony that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease as it is irrelevant</u>

Plaintiff should prohibited from stating, suggesting, or attempting to elicit testimony that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria since it is irrelevant as there is no connection to a single issue before the Court. Only relevant evidence is admissible, and evidence that is not relevant is not admissible. Fed. R. Evid. 402 "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Plaintiff's Compliant is completely devoid of any all allegations that the alleged sale of the cheese after the April 18, 2017sell-by date somehow caused or contributed to growth of listeria. (See Complaint attached hereto as Exhibit "A", without admission or adoption). Further, as explained in more detail below, Plaintiffs' sole expert proffers no such theory. (See Exhibit "B").

Reference to a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria, either through counsel's comments or the introduction of evidence, has no relation to any matter properly provable at trial. Such evidence sheds no light on the issues in dispute here.

Moreover, Plaintiff's counsel indicated at the Pre-Trial Conference that they will be proceeding on a strict liability theory. Given that Plaintiffs did not even plead a negligence theory

in their Complaint, this was the only option. (See Exhibit "A").  Further, Plaintiff's proposed verdict sheet and jury instructions are clearly tailored to a strict liability theory, as opposed to a negligence theory.

As noted by the Supreme Court of Pennsylvania in *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1006 (Pa. 2003) "strict liability affords no latitude for the utilization of foreseeability concepts.."  Similarly, the Supreme Court of Pennsylvania in *Lewis v. Coffing Hoist Division, Duff–Norton Co., Inc.*, 528 A.2d 590, 593 ( Pa. 1987) noted "**Negligence concepts have no place in a case based on strict liability**. (emphasis added).  The *Lewis* Court further noted that "This approach is militated by the fact that our **strict liability law places 'the product itself ... on trial, and not the manufacturer's conduct'**." *Id*. (citation omitted) (emphasis added).

As such, it is clear that the strict liability analysis requires solely a determination as to whether the cheese was contaminated at the time it was sold.  **The conduct of Walmart leading up to the sale of the cheese is therefore completely irrelevant within a strict liability analysis**.  Any discussion of Walmart's conduct (allegedly selling the cheese after the sell-by date) must be prohibited since it would not be of any consequence in a strict liability analysis and would only confuse the empaneled jury.   Irrelevant evidence is without probative value and should properly be excluded. As such, any reference to such a theory must be excluded.

### Even if relevant, Plaintiff must be prohibited from stating, suggesting, or attempting to elicit testimony that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria since it will be unable to proffer evidence to support such a theory

Assuming *arguendo* that the Plaintiffs pled a theory that that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria, and that that differential caused her disease, they still be must be prohibited from stating, suggesting, or attempting to elicit testimony supporting such a theory given the fact that they will

be unable to proffer any evidence during their case-in-chief supporting this theory. There is no question that an opinion that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria would be based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701 provides that "**If a witness is not testifying as an expert**, **testimony in the form of an opinion is limited to one that is**: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and **(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702**. As such, a lay witness would not be permitted to offer such an opinion.

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The Advisory Committee Notes to Fed. R. Evid. 702 recognizes the need for expert witness testimony: "An intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge. The most common source of this knowledge is the expert witness..." There is no question that in order for a jury to find that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria, and that that differential listeria growth caused her disease expert testimony is required. (Again Plaintiff has no medical causation expert as required by law and her case will ultimately be dismissed at the end of her case in chief).

Pursuant to Fed. R. Civ. P. 26(a)(2)(A) "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." In this matter, Plaintiffs have identified Michael A. Sulzinkski, Ph.D. as their expert. Plaintiffs will rely solely upon Michael A. Sulzinkski, Ph.D. in their attempt to establish their theories of liability in this matter. They ultimately fall short on that causative link based on the expert evidence they have and the legal requirements for general and specific causation between the creation of a hazard/ toxin, the ingestion of the toxin, and the development and effects of a disease. In essence they have 200 miles worth of gas and have to travel 300 miles— they just do not get there.

A thorough review of the report of Plaintiff's only expert, Michael A. Sulzinkski, Ph.D. reveals that he does not offer a single opinion which would show or suggest that the alleged sale of the cheese after the April 18, 2017 sell-by date somehow caused or contributed to growth of listeria, and that a quantified differential was a factual cause in the development of her disease, and resultant medical damages/ injuries. (See Dr. Sulzinkski attached hereto as Exhibit "B", without admission or adoption). In fact, in Dr. Sulzinkski's thirty-eight (38) page report, he mentions the sell-by date only once and for the sole purpose of determining the manufacturing date of the product. (See Exhibit "B", para. 19).

Dr. Sulzinkski certainly does not attempt in his report to opine that the alleged sale of the cheese after the April 18, 2017 sell-by date somehow caused or contributed to growth of listeria. (See Exhibit "B"). Further, he does not at any point attempt to explain or provide information regarding the effect of listeria growth in a product after its sell-by date. (See Exhibit "B").

It is important to note that Fed. R. Civ. P. 26(a)(2)(B) requires that a party produce a report of its expert containing *inter alia* "**a complete statement of all opinions the witness will express**

**and the basis and reasons for them**." Fed. R. Civ. P. 26(a)(2)(B). If an expert's initial report does not include a complete statement of opinions to be expressed and the basis for these opinions, a court may prohibit the expert from later testifying on issues or opinions not addressed in the initial report. *Johnson v. Vanguard Mfg., Inc.*, 34 Fed. Appx. 858, 859.

Given that Dr. Sulzinkski's report does not state or suggest that the alleged sale of the cheese after the April 18, 2017 sell-by date somehow caused or contributed to growth of listeria, Dr. Sulzinkski will not be able to offer such an opinion at trial. As such, even if Plaintiffs alleged such a theory in their Complaint that the alleged sale of the cheese after the April 18, 2017 sell-by date somehow caused or contributed to growth of listeria, there is not even a scintilla of evidence supporting such a theory given the clear absence of any expert opinion of Dr. Sulzinkski supporting such a theory.

Plaintiff will therefore be unable to establish such a theory at trial. As such, Plaintiff should be barred from stating, suggesting, or attempting to elicit testimony that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria since the only purpose would be to inflame the jury and unfairly prejudice Moving Defendant.

<u>Even if Plaintiffs produced an expert report supporting a theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria, Plaintiff must be prohibited from stating, suggesting, or attempting to elicit testimony that the differential amount of listeria caused Plaintiff's illness since Plaintiffs have produced no expert report supporting such a theory</u>

As noted above, pursuant to Fed. R. Civ. P. 26(a)(2)(A) "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(B) requires that a party produce a report of its expert containing inter alia "a complete statement of all opinions the witness will express and

the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B).  If an expert's initial report does not include a complete statement of opinions to be expressed and the basis for these opinions, a court may prohibit the expert from later testifying on issues or opinions not addressed in the initial report. *Johnson v. Vanguard Mfg., Inc.*, 34 Fed. Appx. 858, 859.

The only expert report produced by Plaintiffs in this litigation is that of Michael A. Sulzinkski, Ph.D. A review of Dr. Sulzinkski's *curriculum vitae* reveals that he obtained a bachelor's degree with a major in plant science and a Ph.D. with a major in plant pathology and a minor in biochemistry & molecular pathology. (See Exhibit "B"). It is undisputable that Dr. Sulzinkski had no medical education or training.  (See Exhibit "B").  Plaintiffs are not attempting to offer him as a medical expert as evidenced by their Pre-Trial Memorandum which lists him as "Plaintiff's expert on listeria." As such, Plaintiff will not be able to produce medical expert testimony at trial supporting a theory that the alleged differential amount of listeria at the time of the sell-by date versus the time of purchase by Plaintiff caused Plaintiff's illness.

Assuming the Court accepts the Joint Proposed Jury Instructions offered by the parties, the Jury will be instructed as follows on factual cause:

> If you find that the product was defective, the defendant is liable for all harm caused to the plaintiff by such defective condition. **A defective condition is the factual cause of harm if the harm would not have occurred absent the defect**.

Pennsylvania Suggested Standard Civil Jury Instructions, 4th Edition 16.17

Again, even assuming *arguendo* Plaintiff is able to establish that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria, they will still be required to show that the listeria differential attributed to the untimely sale was a factual cause—specifically, that had the cheese been sold by April 18, 2017, Plaintiff would not

have been contaminated with listeria. This is impossible for Plaintiffs to do given the complete absence of a medical expert's opinion supporting such a theory.

As such, Plaintiff should be barred from stating, suggesting, or attempting to elicit testimony that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and the listeria differential attributed to the untimely sale caused Plaintiff's illness.

## V.   RELIEF REQUESTED

For the foregoing reasons, Defendant Walmart Inc. respectfully requests that this Honorable Court grant its Motion *in Limine* to preclude Plaintiffs from stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and to preclude Plaintiff's counsel from engaging in any line of question during either on direct or cross examination of any witness to draw out testimony stating, suggesting, mentioning, and/or referencing any theory that the sale of the subject cheese after the sell-by date of April 18, 2017 in some fashion caused or contributed to growth of listeria and was a factual cause in the development of her disease.

**DELANY McBRIDE**

By: /s/ John J. Delany, III, Esq.
JOHN J. DELANY, III, ESQ.
Attorney for Defendant,
Walmart, Inc.

Dated:  April 19, 2019