UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| NOUJOUD ACHKAR, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 18-cv-2860 |
| | : | |
| WISCONSIN CHEESE GROUP, LLC, | : | |
| and WALMART, INC., | : | |
| Defendants. | : | |

## **MEMORANDUM AND ORDER**

### I.  INTRODUCTION

In this products liability action brought under Pennsylvania state law, Plaintiff Noujoud Achkar alleged that she became sick with listeriosis after she ate La Morenita queso fresco cheese produced by Defendant Wisconsin Cheese Group, LLC, and sold to her by Defendant Walmart, Inc. The case was tried before a jury between April 22, 2019, and April 26, 2019. After the jury returned a verdict for Defendants on April 26, 2019, Plaintiff moved for a renewed judgment as a matter of law under Federal Rule of Civil Procedure 50(b)[1] or, in the alternative, a new trial under Rule 59(a). ECF No. 72.

### II.  LEGAL STANDARD

A renewed motion for judgment as a matter of law "may be granted under Fed. R. Civ. P. 50(b) only if, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief." *Pollock v. Energy Corp. of Am.*, 665

---

[1] Plaintiff made an oral motion for a directed verdict under Rule 50(a) at the close of Defendants' case on April 25, 2019. The Court denied a written supplement to that motion by order dated April 29, 2019. ECF No. 66.

F. App'x 212, 216 (3d Cir. 2016) (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 626 (3d Cir. 2015)). In other words, a court should grant a Rule 50 motion only if, "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference," no reasonable jury could find in favor of the nonmovant. *Smith v. Katz*, 696 F. App'x 582, 589 (3d Cir. 2017) (citing *Avaya Inc. v. Telecom Labs, Inc.*, 838 F.3d 354, 373 (3d Cir. 2016)).

Federal Rule of Civil Procedure 59 permits a court to grant a new trial "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). New trials are most commonly granted: "(1) when the jury's verdict is against the clear weight of the evidence and a new trial must be granted to prevent a miscarriage of justice; (2) when the verdict is internally inconsistent; and (3) when prevailing counsel committed misconduct and there is a 'reasonabl[e] probab[ility] that the verdict was influenced by prejudicial statements.'" *Rorrer v. Cleveland Steel Container Corp.*, No. CIV.A. 08-671, 2012 WL 138756, at *5 (E.D. Pa. Jan. 18, 2012) (quoting *Waddington N. Am., Inc. v. Sabert Corp.*, 2011 WL 3444150, at *4 (D.N.J. Aug. 5, 2011)).

### III. ANALYSIS

Plaintiff is entitled to neither judgment as a matter of law nor a new trial. Plaintiff argues that the Court should grant judgment as a matter of law because the parties' stipulated facts establish all the elements of a strict products liability claim[2] and the Defendants have "proffered

---

[2] As the parties recognize, a strict products liability claim under Pennsylvania law requires the plaintiff to prove: (1) that the product was defective; (2) that the defect existed when it left the defendant's hands; and (3) that the defect caused the plaintiff's harm. *See* 3A Summ. Pa. Jur. 2d Torts § 41:226 (2d ed.).

no recognized defense." Pl.'s Brief 4. Plaintiff emphasizes that the parties stipulated that she bought and ate La Morenita cheese from Walmart which was manufactured by Wisconsin Cheese Group, she became ill with what was later diagnosed as listeriosis, Plaintiff's blood tested positive for *listeria monocytogenes*, and a Pennsylvania Department of Health found that the La Morenita cheese was the only item in Plaintiff's refrigerator to test positive for *listeria monocytogenes*.

As Defendants point out, however, the stipulated facts do not establish conclusively that the cheese was defective when Defendants placed it in the stream of commerce or that a defect in the cheese caused her illness. Plaintiff's evidence at trial suggested that she became ill within an hour of eating the cheese, but her expert Dr. Sulzinski confirmed that the incubation period for listeriosis caused by *listeria monocytogenes* is one to four weeks and can last up to seventy days. In other words, the jury could conclude that Plaintiff did not contract listeriosis from the cheese, but from another source, and later contaminated the cheese. Dr. Sulzinski admitted that cross-contamination was a possible source of the *listeria monocytogenes* found in the cheese and that the Center for Disease Control and Prevention identified cross-contamination as a likely source. Moreover, Defendants introduced evidence that supports the inference that the cheese was not contaminated when Defendants placed it in the stream of commerce: Dr. Sulzinski testified that inspections of Wisconsin Cheese Group's manufacturing plant revealed no *listeria monocytogenes*. Based on this evidence, the jury reasonably could have found that Plaintiff had not proven the defect and causation elements and ruled in favor of Defendants.

Plaintiff presents, at best, a different set of inferences that could be drawn from the stipulated facts and evidence at trial. She has not shown that a reasonable jury could not find the Defendants not liable and therefore is not entitled to judgment as a matter of law. Nor has she

shown that "the great weight of the evidence cuts against the verdict and . . . a miscarriage of justice would result if the verdict were to stand," so as to merit a new trial under Rule 59. *City Select Auto Sales Inc. v. David Randall Assocs., Inc.*, 885 F.3d 154, 163 (3d Cir. 2018) (citing *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016)).

Plaintiff also argues that the introduction of evidence that she had a history of eating raw meat and drinking raw milk and that these dietary habits related to her Syrian heritage allowed a verdict based on the "discriminatory inclinations of the jury." Mot. 7. When the basis for a motion for a new trial is an alleged error on the part of the court, such as an error in evidentiary rulings, a district court must first determine whether an error was made, *i.e.*, "whether, taken as a whole, the instruction properly apprised the jury of the issues and the applicable law." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 78 (3d Cir. 2009). If there was an error, the court must then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.*, 709 F. Supp. 600, 601 (E.D. Pa. 1989) (quoting Fed. R. Civ. P. 61).

Plaintiff's argument is meritless and borders on frivolous. The Court did not err in admitting evidence of Plaintiff's dietary habits, as the statements were admissible under Federal Rules of Evidence 803(6) and 802(4), *see* Opinion on Motion in Limine, ECF No. 42, and relevant to Defendants' theory that Plaintiff had contracted listeriosis from a source other than the cheese, given that raw meat and raw milk were identified as common carriers of *listeria monocytogenes*. Additionally, Plaintiff is responsible for introducing evidence of her Syrian heritage: the parties stipulated that she is from Syria and Plaintiff's counsel discussed her personal history on direct examination. *See* Stipulation of Uncontested Facts ¶ 4, ECF No. 45. Plaintiff is not entitled to a new trial based on the admission of this evidence.

**IV.    ORDER**

**AND NOW**, this 12th day of June, 2019, for the reasons discussed above, **IT IS ORDERED THAT**:

1.  Plaintiff's Motion for Judgment as a Matter of Law or, in the alternative, a New Trial, ECF No. 72, is **DENIED**.
2.  This case is **CLOSED**.

                                   BY THE COURT:

                                   */s/ Joseph F. Leeson, Jr.*
                                   JOSEPH F. LEESON, JR.
                                   United States District Judge

5
061219